JOHN K BOROWSKI, JR,

        Plaintiff,

    v.                                    Case No. 22-cv-0106-bhl

JULIE A MAULE,
TRISHA L SIZEMORE,

        Defendants.

## ORDER DISMISSING CASE

      In our legal system, the proper recourse for a litigant who disagrees with a judicial ruling is appellate review. In this case, Plaintiff John Borowski Jr. attempts a different route. Unhappy with rulings against him in state court, Borowski has elected to use 42 U.S.C. Section 1983 to sue the judicial officer he claims botched his case. Because the *Rooker-Feldman* Doctrine prohibits a state court litigant from using Section 1983 to enter a federal district court and wage a collateral attack on a state court's decision, the Court lacks jurisdiction to hear the case, and it must be dismissed.

### FACTUAL BACKGROUND

      On June 26, 2020, Trisha Sizemore petitioned the Washington County Circuit Court for a domestic abuse injunction against John Borowski Jr. (ECF No. 1-1 at 6.) The court granted Sizemore a temporary restraining order on June 29 and set a return hearing for July 10 to allow Sizemore additional time to serve Borowski. (*Id.*) Sizemore was unable to serve Borowski before the July 10 hearing, but finding she had diligently attempted service, Circuit Commissioner Julie Maule granted Sizemore permission to serve Borowski via publication. (*Id.*) A new hearing was then set for July 24. (*Id.*)

      Borowski alleges that although he resided in Ozaukee County, Sizemore published notice of her petition in a newspaper only readily available in neighboring Washington County. (*Id.*) As luck would have it, though, Borowski learned of the petition while searching Wisconsin's Consolidated Court Automation Program for an unrelated matter. (*Id.* at 7.) He subsequently filed

a letter with the Washington County Circuit Court, objecting to venue and personal jurisdiction and requesting a hearing. (*Id.*) Borowski did not appear for the July 24 hearing at which Commissioner Maule entered the injunction order against him. (*Id.*) He did, however, file a motion for relief from the injunction order on July 30. (*Id.*) He then appeared at a firearm surrender hearing before Commissioner Maule on July 31. (*Id.*) During that hearing, Borowski again raised his jurisdictional objections and requested a hearing. (*Id.*) Commissioner Maule denied his request. (*Id.*)

## LEGAL STANDARD

"The [*Rooker-Feldman*] doctrine prevents a party 'complaining of an injury caused by a state-court judgment' from seeking redress in a lower federal court," provided the proceedings before the state court were judicial in nature. *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 362 (7th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005)); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "Only a higher tribunal within the state judiciary (or the Supreme Court of the United States) may review the decision of a state court; an aggrieved litigant may not use § 1983 to wage a collateral attack on the state court's decision." *Jackson v. Gardner*, No. 93-3539, 1994 WL 684041, at *1 (7th Cir. Dec. 7, 1994). If he does, "the suit fails for want of jurisdiction." *Id.*

## ANALYSIS

Borowski alleges that Commissioner Maule violated his Fourteenth Amendment right to due process and Second Amendment right to bear arms. Because this is simply a forbidden collateral attack on the state-court decision, the Court lacks jurisdiction to hear Borowski's challenge.

## I. The *Rooker-Feldman* Doctrine Prohibits Borowski's Suit.

If the underlying state court proceeding was judicial in nature, then Borowski cannot challenge it in this Court. "[T]he nature of a proceeding 'depends not upon the character of the body but upon the character of the proceedings.'" *Feldman*, 460 U.S. at 477 (quoting *Prentis v. Atlantic Coast Line*, 211 U.S. 210, 226 (1908)). In this case, Commissioner Maule granted an injunction and held a firearm surrender hearing pursuant to power afforded her under Wis. Stat. Section 813.12(4), (4m). These proceedings were clearly judicial, not legislative, in nature. *See Feldman*, 460 U.S. at 477. Therefore, Borowski may not use Section 1983 to collaterally attack those proceedings. *See Gardner*, 1994 WL 684041, at *1 (noting that a Section 1983 suit seeking

money damages from a state court judge was not a collateral attack on the proceedings, but an attempt to upset the state court judge's determinations would be).  Yet that is exactly his aim.  Borowski seeks only injunctive and declaratory relief against Commissioner Maule.  (ECF No. 1-1 at 15.)  This is improper, and the Court lacks jurisdiction to entertain such a challenge.[1]

## CONCLUSION

The Court lacks jurisdiction to hear Borowski's suit against Commissioner Maule.  And the other named defendant in this case, Sizemore, was dismissed while the case was pending in state court.  (ECF No. 11 at 1 n.2.)  Therefore, the case must be dismissed in its entirety.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 8) is **GRANTED**, and the case is **dismissed** for lack of jurisdiction.  The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] The Court also notes that even if *Rooker-Feldman* did not apply, judicial immunity would likely preclude this lawsuit.  *See Stump v. Sparkman*, 435 U.S. 349, 358-59 (1978).